UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TOMMASA VILARDI,

                Plaintiff,

-against-

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-4544 (NGG)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 02 2010 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Tommasa Vilardi ("Vilardi") brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Social Security Administration's ("SSA's") denial of her claim for Social Security disability insurance benefits ("DIB"). (Complaint (Docket Entry # 1).) Because it appears the court lacks jurisdiction to hear Vilardi's claim, and because neither party has addressed the jurisdictional issue in their submissions to the court, the court directs Vilardi to submit a letter to the court explaining why it should not dismiss her action, as set forth below.

I.     BACKGROUND

Vilardi was born on September 18, 1941. (Administrative Transcript ("Tr."), 47 (Docket Entry ## 21-22).) On March 19, 2002, Vilardi applied for DIB alleging a disability onset date of May 31, 2001. (Id. at 47-49.) Vilardi's claim was denied and Vilardi filed a claim for a hearing before an Administrative Law Judge ("ALJ") on July 9, 2002. (Id. at 29-32.) ALJ Martin Khan heard Vilardi's testimony concerning her claim on May 25, 2004. (Id. at 522-71.) On June 17, 2004, ALJ Khan rendered an unfavorable decision. (Id. at 16-26.) Vilardi sought review by the SSA Appeals Council, which denied her request on August 13, 2004. (Id. at 4-7.) Vilardi then

1

brought suit in this court on September 27, 2004, challenging ALJ Khan's decision. (See Complaint, Vilardi v. Barnhart, No. 04-cv-4175 (NGG) (Docket Entry # 1).) On March 31, 2006, this court remanded the proceedings to the SSA. (See Memorandum and Order, Vilardi v. Barnhart, No. 04-cv-4175 (NGG) (Docket Entry # 12).) On remand, Vilardi presented testimony at another administrative hearing on December 13, 2006, before ALJ Manuel Cofresi. (Tr. 1226-48.) On June 14, 2007, ALJ Cofresi rendered an unfavorable decision. (Id. at 603-625.) On July 6, 2007, Vilardi sought review of this decision before the SSA Appeals Council. (Id. at 650-654.) On September 15, 2007, the SSA Appeals Council reviewed ALJ Cofresi's December 13, 2006 decision, and remanded the case back to ALJ Cofresi. (Id.) On April 22, 2008, ALJ Cofresi again heard Vilardi's testimony concerning her Social Security claim. (Id. at 1249-84.) On August 11, 2008, ALJ Cofresi again rendered an unfavorable decision. (Id. at 572-94.) Vilardi did not request review of this decision before the Appeals Council, and filed her Complaint in this court on November 10, 2008. (Vilardi's Motion at 4; see Complaint.) The Commissioner admits that this constitutes a "final decision" for jurisdictional purposes. (Answer (Docket Entry # 7) ¶ 13); see 42 U.S.C. § 405(g).

## II. DISCUSSION

The controlling jurisdictional statute, 42 U.S.C. § 405(g), allows judicial review over "final decisions" of the Commissioner "within sixty days after the mailing to [her] of notice of such [final] decision." The date of receipt of an ALJ's Notice and Decision is presumed to be five days after it its dated and mailed. 20 C.F.R. § 498.202(e). The district court lacks jurisdiction to entertain a claimant's cause of action if it is brought outside of this sixty day window unless the claimant has demonstrated that the period should be equitably tolled. Louis v. Comm'r of Soc. Sec., No. 6:07-CV-0557 (GHL), 2008 WL 1882706, at *2 (N.D.N.Y. Apr. 24,

2008), aff'd 349 F. App'x 576 (2d Cir. 2009). The court should equitably toll the sixty day appeal window in only extreme circumstances, such as when a claimant's "mental impairment prevented her from filing a timely appeal." Canales v. Sullivan, 936 F.2d 755, 756 (2d Cir. 1991).

Here, the Notice and Decision at issue was dated August 11, 2008. (Tr. 572-94.) According to 20 C.F.R. § 498.202(e), Vilardi is presumed to have received ALJ Cofresi's decision no later than Saturday, August 16, 2008. Therefore, the latest Vilardi could have brought her claim in this court was Wednesday, October 15, 2008, sixty days after she was presumed to have received ALJ Cofresi's Notice and Decision. Vilardi instead filed her claim on November 10, 2008, almost a month after the jurisdictional window closed.

Although it appears that the court lacks jurisdiction to entertain Vilardi's action, neither party has addressed the issue in their submissions. In the interest of justice, therefore, the court will permit Vilardi to file a letter with the court within thirty days explaining why the court should not dismiss her claim on jurisdictional grounds. The court will also permit the Commissioner to file a response to Vilardi's letter within fourteen days after Vilardi's filing.

### III. CONCLUSION

For the reasons discussed above, the court ORDERS Plaintiff to file a letter with the court within thirty days of this Memorandum and Order explaining why her cause of action should not be dismissed. The Commissioner's response to Plaintiff's letter, if any, shall be filed within fourteen days of Plaintiff filing her letter.

SO ORDERED.

Dated: Brooklyn, New York
October 29, 2010

s/Nicholas Garaufis
NICHOLAS G. GARAUFIS
United States District Judge